UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21179-Civ-COOKE/TORRES

THE MACKNIGHT FOOD GROUP, INC.,
a Nevada corporation,

    Plaintiff/Counter-Defendant,

vs.

THE SANTA BARBARA SMOKEHOUSE,
INC., a company incorporated in California,

    Defendant.
_____/

## OMNIBUS ORDER

    Plaintiff The Macknight Food Group, Inc. ("Plaintiff" or "MFG") brings this action against Defendant The Santa Barbara Smokehouse, Inc. ("Defendant" or "SBSH") asserting claims relating to MFG's alleged rights to certain trademarks, designs, and brands. *See generally* Compl., ECF No. 1. More specifically, Plaintiff asserts claims of: Preliminary Injunction (Count I); Federal Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114 (Count II); Federal Unfair Competition, False Description, and False Designation of Origin under 15 U.S.C. § 1125(a) (Count III); Deceptive and Unfair Trade Practices under Florida Statute § 501.204 (Count IV); Misappropriation of Trade Secrets under Florida Statute § 688 (Count V); Unjust Enrichment (Count VI); Common Law Trademark Infringement (Count VII); and Common Law Unfair Competition (Count VIII). *Id.*

    In response, Defendant filed its Answer, Affirmative Defenses, and Counterclaims, asserting three defenses, three affirmative defenses, and six counterclaims, including: Declaratory Judgment as to SBSH's Right to the Cambridge and Coastal Marks (Count I); Declaratory Judgment as to SBSH's Exclusive Right to the SBSH Marks (Count II); Declaratory Judgment as to SBSH's Exclusive Right to the Balmoral Mark (Count III); Declaratory Judgment as to SBSH's Exclusive Right to the Traditional Open Smoke Marks (Count IV); Federal Trademark Infringement pursuant to 15 U.S.C. § 1114 (Count V); and Federal Trademark Counterfeiting pursuant to 15 U.S.C. § 1114 (Count VI). *See generally* Def.'s Answer, ECF No. 18.

Plaintiff now moves to dismiss and/or strike Defendant's counterclaims and to strike Defendant's defenses and affirmative defenses. I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided herein, both Plaintiff's Motion to Dismiss and/or Strike Counterclaim and Supporting Memorandum of Law (ECF No. 25) and Plaintiff's Motion to Strike Defendant's Defenses and Affirmative Defenses (ECF No. 26) are denied.

## I.  LEGAL STANDARD

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court has "broad discretion" when it considers a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure. *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). Rule 12(f) motions to strike are not favored, however, and are "regularly 'denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'" *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech.*, 744 F. Supp. 2d 1305, 1309 (S.D. Fla. 2010) (quoting 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004)).

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). Affirmative defenses "are subject to the general pleading requirements of Rule 8(a)" of the Federal Rules of Civil Procedure. *Home Mgmt. Solutions, Inc. v. Prescient, Inc.,* No. 07-20608, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007). Thus, when considering a motion to strike affirmative defenses, the court must look at whether the defense is legally sufficient to provide fair notice of the nature of the defense; an affirmative defense will be stricken if it fails to recite little more than a bare legal conclusion. *See id.*; *Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.*, No. 04-60861, 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005).

## II.  ANALYSIS

### A. Motion to Strike Counterclaims

Plaintiff argues that this Court should strike all six of Defendant's counterclaims as duplicative and redundant of the relief sought by Plaintiff in its Complaint. In response,

Defendant argues that its counterclaims, which include claims for multiple declaratory judgments as well as claims for relief for federal trademark infringement and counterfeiting, raise issues and agreements not addressed by Plaintiff in its Complaint and are therefore not mere mirror images of Plaintiff's claims.

When deciding whether to dismiss a counterclaim on the basis that it is redundant, "courts consider whether the declaratory judgment serves a useful purpose." *Gratke v. Andersen Windows, Inc.*, 2010 WL 5439763, *3 (D. Minn. Dec. 8, 2010). To determine whether the declaratory judgment serves a useful purpose, courts should consider "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *Id.* In this case, the counterclaim does serve a useful purpose in that it seeks different relief from Defendant's defenses and Plaintiff's Complaint. More specifically, resolving Plaintiff's claims would not affirmatively address Defendant's concerns, namely, Defendant's desire for an order definitively declaring that it maintains an exclusive right as a licensee to use and promote specific marks. Additionally, even if the counterclaim were wholly redundant, a court may exercise its discretion by not dismissing the counterclaim. *Id.* Therefore, Plaintiff's motion to dismiss and/or strike Defendant's counterclaims is denied.

### B. Motion to Strike Defenses and Affirmative Defenses

*1. Defenses*

Defendant asserts three defenses: (1) Plaintiff's claims are invalid because the conditions subsequent to the completion of the termination letter, as outlined in the Global Settlement Agreement, have not yet occurred; (2) Plaintiff's Count I fails to state a claim upon which relief can be granted because a preliminary injunction is a form of relief, not a separate claim; and (3) Plaintiff's Count V fails to state a claim upon which relief can be granted because it fails to identify the purported trade secret with sufficient particularity. In response, Plaintiff contends that Defendant's defenses must be stricken, but fails to provide any caselaw to specifically support its contention that striking Defendant's defenses is the appropriate remedy at this stage in the litigation, especially when facts remain disputed. *See Bennett v. Spoor Behrins Campbell & Young, Inc.*, 124 F.R.D. 562, 563 (S.D.N.Y. 1989) (finding that "[w]hen facts are in dispute … a motion to strike will not be granted unless it appears to a certainty that plaintiff's would succeed despite any state of facts which could be proved in support of the defense." (internal quotation marks omitted)).

Therefore, after reviewing the caselaw concerning the striking of pleadings, I do not find that any of Defendant's defenses confuse the issues, unnecessarily prejudice a party, or lack a relationship to the controversy. Accordingly, Plaintiff's motion to strike Defendant's defenses is denied.

2. *Affirmative Defenses*

Defendant asserts three affirmative defenses: (1) unclean hands; (2) laches; and (3) acquiescence. As to Defendant's first affirmative defense of unclean hands, Plaintiff argues that the Lanham Act identifies only three equitable defenses, and unclean hands is not one of them. In support of its argument, Plaintiff cites to 15 U.S.C. § 1115(b)(9), which states that "equitable principles, including laches, estoppel, and acquiescence, are applicable." However, by its own terms, this list is not exhaustive and does not prohibit Defendant from asserting the affirmative defense of unclean hands, which has been recognized as a viable defense in trademark infringement cases. *See GoTo.com, Inc. v/ Walt Disney Co.*, 202 F.3d 1199, 1209 (9th Cir. 2000) (applying the unclean hands doctrine in a Lanham Acy trademark infringement action). Therefore, Plaintiff's motion to strike Defendant's first affirmative defense is denied.

Plaintiff next argues that Defendant's affirmative defense of laches must be stricken because Defendant has failed to plead that Plaintiff delayed in enforcing its alleged trademark rights. However, as Defendant's defense of laches "may be relevant in determining the extent to which [Plaintiff] is entitled to equitable remedies," Plaintiff's motion to strike Defendant's second affirmative defense is denied. *Mullis v. Universal Select, Inc.*, No. 97-1220-Civ-J-21A, 1997 WL 827408, at *2 (M.D. Fla. Dec. 15, 1997).

Finally, Plaintiff argues that Defendant's third affirmative defense of acquiescence must also be stricken because Plaintiff never represented to Defendant that it would not assert its rights or claims over the marks to which Defendant claims it holds an exclusive license. To state a claim for acquiescence, a party must show that: "(1) [Plaintiff] actively represented that [it] would not assert a right or a claim; (2) the delay between the active representation and assertion of the right or claim was not excusable; and (3) the delay caused the defendant undue prejudice." *SunAmerica Corp. v. Sun Life Assur. Co. of Canada*, 77 F.3d 1325, 1334 (11th Cir. 1996). Defendant asserts that Plaintiff, as a party to the Global Settlement Agreement, "acknowledged Santa Barbara's rights to the marks" and that it nonetheless "waited eleven (11) months after it purportedly acquired rights to the marks at

4

issue to assert claims." At this stage of the proceedings, I find that Defendant's affirmative defense of acquiescence meets federal pleading standards and gives Plaintiff fair notice. Therefore, Plaintiff's motion to strike Defendant's third affirmative defense is denied.

### III. CONCLUSION

For the reasons provided herein, both Plaintiff's Motion to Dismiss and/or Strike Counterclaim and Supporting Memorandum of Law (ECF No. 25) and Plaintiff's Motion to Strike Defendant's Defenses and Affirmative Defenses (ECF No. 26) are **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 22nd day of October 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*